IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Jerry E. Moore, II,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:10-cv-00453 |
| v. | : | |
| | : | |
| **Dwayne D. Pielech, et. al.,** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | **Magistrate Judge Mark R. Abel** |
| Defendants. | : | |
| | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant, American Federation of State, County and Municipal Employees' ("AFSCME") Motion to Dismiss Plaintiff, Jerry Moore's, ("Moore" or "Plaintiff") complaint. AFSCME moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed suit against AFSCME, and others, alleging failure to pursue grievances, in violation of AFSCME's duty of fair representation ("DFR"); violations of 42 U.S.C. §§ 1983 ("Section 1983), 1981("Section 1981); and violation of Ohio Revised Code §§4112.02, *et seq*.

For the reasons set forth below, the Court **GRANTS** AFSCME's Motion to Dismiss as it relates to Moore's DFR claim and Moore's Section 1983 claim; and **DENIES** AFSCME's Motion to Dismiss as it relates to Moore's Section 1981 claim and Ohio Revised Code §§ 4112.02, *et seq.*

**II. BACKGROUND**

Plaintiff's amended complaint provides the following facts. (Dkt. 17).

1

Plaintiff is a Black male and a resident of Belmont County, Ohio. Defendant, Belmont County, has employed Moore in the Department of Job and Family Services since 2001. Defendant, Village of Bridgeport, Ohio, is a duly constituted village, organized and recognized pursuant to the laws of the State of Ohio. During Moore's employ he was a member of the bargaining unit of employees represented by AFSCME.

On November 16, 2005, a man in a mask robbed an Inst-Cash business in the Village of Bridgeport. The police dispatcher issued an alert, which notified Bridgeport's police officers that the perpetrator of the offense was a Black male, approximately 5'10" and weighing approximately 160 pounds. Bridgeport's officers located and detained Moore, who weighs 280-300 pounds.

Officers brought the robbery victim to Moore's location and asked her if he was the perpetrator of the robbery. The victim indicated that Moore had been in the Inst-Cash store earlier in the day and was the only Black male that she had seen all day. She concluded that Moore was the robber, and the arresting officer announced, "We have our man."

When news of the robbery became public, an employee that worked in a store near Inst-Cash contacted the Inst-Cash manager and informed the manager that he had seen the perpetrator. The manager relayed this information to the police. The police learned from the employee that the suspect was a Black man, but took no action to identify the suspect or investigate the sighting.

Moore was charged with the Inst-Cash robbery and was tried three times for the offense. The first two trials resulted in mistrials. The third resulted in his acquittal. Moore contends that Bridgeport arrested him and refused to follow up on other leads or acknowledge that a person other than Moore could be responsible for the offense.

In the interval period, between Moore's arrest and acquittal, Moore faced a series of employment actions: he was suspended, terminated, reinstated, demoted, placed on probation and on an extended probationary period. Moore filed grievances with AFSCME related to his suspension and termination. Moore alleges that AFSCME failed to pursue or process his grievances despite the fact it pursued and processed the grievances of white employees. Moore further claims that AFSCME acquiesced to Moore's extended probationary period without his approval. Moore also alleges that Defendant failed to provide him with sufficient information concerning the status of his grievances and that Defendant failed to fulfill its duty fairly to represent him.

### III. STANDARD OF REVIEW

The plaintiff has the burden of proving jurisdiction, where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). Federal Rule of Civil Procedure 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties: (1) a facial attack on subject matter jurisdiction; and (2) a factual attack on subject matter jurisdiction. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (identifying the two types of 12(b)(1) motions to dismiss).

Facial attacks on subject matter jurisdiction "merely question the sufficiency of the pleading." *Id.* A facial attack on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss. *Id.* In a factual attack on subject matter jurisdiction a court "must . . . weigh the conflicting evidence to arrive at the factual predicate that subject matter

jurisdiction exists or does not exist." *Id; see also Nat'l Assoc. of Minority Contractors v. Martinez*, 248 F. Supp.2d 679, 681 (S.D. Ohio 2002).

In this case, AFSCME has made facial challenges to this Court's subject matter jurisdiction, raising purely legal questions. Therefore, the Court will restrict itself to the face of the pleadings, and afford Moore the same protections as it would a party defending against a motion brought under Rule 12(b)(6). *See id.*

To survive a motion to dismiss for failure to state a claim upon which relief may be granted[1], a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "The court must 'accept all the . . . factual allegations as true and construe the complaint in the light most favorable to the Plaintiff [].'" *Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009) (omission in original) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

---

[1] The court notes that Plaintiff argues under a now defunct standard, *i.e.*, a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). As the Sixth Circuit explained in 2007:

> In [*Twombly*], the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

## IV. LAW AND ANALYSIS

Plaintiff alleges claims against AFSCME for a DFR breach, violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1981, and violation of the Ohio Revised Code Chapter 4112.  This Court must consider AFSCME's arguments under Rule 12(b)(1) first, since requests for dismissal under Rule 12(b)(6) become moot if the Court lacks jurisdiction.  *See Moir*, 895 F.2d at 269 (citing *Bell v. Hood,* 327 U.S. 678, 682 (1946)).  AFSCME argues that it is entitled to dismissal of all the claims filed against it for three reasons: (1) Ohio State Employment Relations Board ("SERB") has exclusive jurisdiction to remedy charges regarding a public employer's union's breach of its DFR; (2) Moore failed to exhaust his administrative remedies pursuant to Ohio Revised Code Chapter 4117 and such claims are untimely under that Chapter; and (3) Moore failed to exhaust his internal union remedies.

### A.  Duty of Fair Representation

Moore claims that AFSCME failed to process his grievances and/or proceed to arbitration on his behalf because he is African American.  Moore alleges that AFSCME properly processed the grievances of similarly situated white employees.  AFSCME contends that Moore's allegations constitute a claim for a breach of a union's DFR.  Moore, however, argues that he does not allege a DFR claim.  Moore asserts that in his amended complaint he did not cite to the Ohio Revised Code Chapter 4117, nor did he make any allegations related to an unfair labor practice.  Moore's arguments are not well taken.

Moore's claims against AFSCME for its failure to pursue and process his grievances constitute a claim for a breach of AFSCME's DFR.  In his amended complaint, Moore alleges that AFSCME failed fairly to represent him and describes exactly what the failure entailed. (Am. Compl. ¶¶ 16-O, 18, 19-F, 21, 22).  Thus, regardless of the fact that Moore did not

5

specifically indicate he brought a DFR claim against AFSCME, his claim is grounded in the unfair labor practice specifically enumerated in Chapter 4117 of the Ohio Revised Code, as the Court explains in more detail *infra*.

Not all DFR claims arise from the same types of union activities. A number of circumstances can give rise to a DFR claim. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). One type of DFR violation occurs when a union arbitrarily "ignore[s] a meritorious grievance or process[es] it in perfunctory fashion." *Id.* Moore's allegations constitute this type of DFR claim.

All labor unions have a duty to represent their members fairly. A DFR claim was originally a common law claim. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 580 (1990). Now this duty either arises under federal law pursuant to the National Labor Relations Act, 29 USCS § § 151 *et seq.*, ("NLRA") or state law.

Federal courts have jurisdiction to determine DFR violations that arise pursuant to the NLRA. The NLRA, however, is not applicable to Moore's claim against AFSCME because the NLRA "does not apply to unions representing employees of a public employer." *Johnson v. Ohio Council Eight*, 146 Ohio App. 3d 348, 353 (Ohio Ct. App. 2001). This Court has already determined that Moore's employer is a public employer (Dkt. 40).

Thus, rather than representing Moore pursuant to the NLRA, AFSCME has been granted the exclusive right to represent employees of Belmont County pursuant to Chapter 4117 of the Ohio Revised Code, which is the Ohio Public Employees' Collective Bargaining Act. Under that Chapter, a DFR breach is specifically recognized as an unfair labor practice. *See* O.R.C. § 4117.11(B)(6) ("(B) It is an unfair labor practice for an employee organization, its agents, or

6

representatives, or public employees to: . . . (6) Fail to fairly represent all public employees in a bargaining unit."). The DFR imposed on unions representing employees of public employers is analogous to the private duty imposed under the NLRA, *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 73 (1989); however, the federal duty does not preempt the state law duty, *Johnson v. Ohio Council Eight*, 146 Ohio App. 3d 348, 353 (Ohio Ct. App. 2001). Therefore, Moore's employment is outside the scope of the NLRA, and subject to Chapter 4117.

Chapter 4117 grants SERB exclusive jurisdiction to hear claims against unions representing public employees. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167 (1991). As the Ohio Supreme Court explained, "'[w]here a statute which creates a new right prescribes the remedy for its violation, the remedy is exclusive; but when a new remedy is given by statute for a right of action existing independent of it, without excluding other remedies already known to the law, the statutory remedy is cumulative merely, and the party may pursue either at his option.'" *Id.* at 168 (quoting *Zanesville v. Fannan*, 53 Ohio St. 605 (1895)). Public employees had no right to bargain collectively until enactment of Chapter 4117. *Id.* at 169. "The current R.C. Chapter 4117 established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." *Id*. Thus, Moore's only remedy for his DFR claim is before SERB.

SERB's exclusive jurisdiction over DFR claims has been recognized by the judges of this District as well as those in the Northern District of Ohio. *See Hout v. City of Mansfield*, 550 F.Supp.2d 701, 728 (N.D.Ohio 2008) (holding that SERB had exclusive jurisdiction over a claim by employees of Ohio city against union for breach of its duty of fair representation (DFR) and that federal district court has no jurisdiction to entertain claim of breach of DFR where

7

employees had failed to exhaust their administrative remedies with SERB); *Featherstone v. Columbus Public Schools*, 39 F. Supp. 2d 1020 (S.D. Ohio 1999) (finding public school teacher's claim that teachers' union breached its duty of fair representation amounted to unfair labor practice claim governed by Chapter 4117 and, thus, teacher was required by statute to first bring claim with SERB, not in federal district court); *Riley v. Palmer*, Case No.2:09-cv-1150, 2010 U.S. Dist. WL 3910560 (S.D. Ohio Oct. 4, 2010) (finding that the plaintiff's "Complaint asserts a duty of fair [representation] violation claim predicated on [O.R.C.] 4117, [and that] such a claim is under the exclusive jurisdiction of the State Employment Relations Board."); *Hayner v. City of Washington Courthouse*, Case No. 2:06-CV-705, 2007 U.S. Dist. WL 38137 at p. 3 (S.D. Ohio Jan.4, 2007) ("In this case, Plaintiff is . . . a public employee for the purposes of Ohio Rev. Code § 4117.01(C). Therefore, Plaintiff's claim of a breach of fair representation against AFSCME must first be brought with SERB, not the federal district court"); *Breckenridge v. Johnson*, No. 2:07-CV-0345, 2007 WL 3400591, at *3 (S.D.Ohio Nov.13, 2007) (discussing Chapter 4117 and explaining why district court lacked jurisdiction over fair representation claim against union).

This Court, therefore, does not have jurisdiction over Moore's claim as they relate to AFSCME's failure to process his grievances. He must first file and exhaust his claim with SERB. Plaintiff argues that the exhaustion of remedies is not necessary in this case because it would be a futile effort. The Court is not persuaded. The case law establishes that SERB has exclusive jurisdiction to remedy Moore's DFR claim. Consequently, the Court **GRANTS** AFSCME's Rule 12(b)(1) motion to dismiss Moore's DFR claim.

## B.  42 U.S.C. § 1983

Although the Court lacks jurisdiction over DFR claims under Chapter 4117 of the Ohio Revised Code, "if a party asserts rights independent of R.C. Chapter 4117, the party's complaint may properly be heard in . . . court."  *Weinfurtner v. Nelsonville-York Sch. Dist. Bd. of Edn.*, 77 Ohio App. 3d 348, 356 (Ohio Ct. App. 1991) (citing *Franklin Cty. Law Enforcement Assn.*, 59 Ohio St.3d at paragraph one of the syllabus).  Accordingly, "[b]ecause constitutional rights exist independently of R.C. Chapter 4117, such claims may be raised in . . . court even though they may touch on the collective bargaining relations between employer, employee, and union."  *Franklin Cty. Law Enforcement Assn.*, 59 Ohio St.3d at172.  This Court has jurisdiction over 42 U.S.C. § 1983 claims that properly raise constitutional issues or violations of federal rights.  28 U.S.C. § 1331.  Consequently the Court will address whether Moore successfully alleged a § 1983 claim that is plausible on its face.

A *prima facie* case under §1983 requires: (1) conduct by an individual acting under color of state law; and (2) this conduct must deprive the plaintiff of rights secured by the Constitution or laws of the United States.  *Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  Section 1983 merely provides a vehicle for enforcing individual rights found elsewhere and does not itself establish any substantive rights.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340 (6th Cir. 2001).  "'Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate.'"  *Hout*, 550 F. Supp. 2d at 743 (quoting *Lewellen v. Metropolitan Gov't of Nashville,* 34 F.3d 345, 347 (6th Cir.1994)).

9

In order for Moore to state a claim under § 1983, he must identify a substantive right and its source, *i.e.*, the Constitution or a federal statute. Moore claims that he is alleging "race discrimination against moving defendants under 42 U.S.C.§1981." (Memo. Contra. at 4). Because § 1981provides an independent cause of action it does not require the vehicle of § 1983 to establish a claim. 164 A.L.R. Fed. 483 (Originally published in 2000). Therefore, § 1983 is not pertinent to the analysis of Moore's statutory claim, and with no other federal rights asserted, AFSCME's motion to dismiss Moore's § 1983 allegations for failure to state a claim is well taken.

For the reasons set forth herein the Court **GRANTS** Defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) because properly pled a Section 1983 violation is not source of substantive rights and no other federal right has been identified.

### C.  42 U.S.C. § 1981

Although the Court does not have jurisdiction over a claim alleging a union's failure to process grievances to the extent the allegations constitute a DFR claim, the Court does have jurisdiction to hear a claim alleging a union's racially discriminatory failure to process grievances to the extent the allegations constitute a violation of § 1981 claim.

Section 1981 provides in its pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to *make and enforce contracts*, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C.A. § 1981 (emphasis added). Section 1981 prohibits racial discrimination in making and enforcing of "contracts, court proceedings, and the protections and obligations of law." 164 A.L.R. Fed. 483 (originally published in 2000). "The 'right ... to ... enforce contracts' embraces only protection of a judicial or non-judicial legal process, and of a right of access to that process,

10

that will address and resolve contract-law claims without regard to race." *Patterson v. McLean Credit Union*, 491 U.S. 164, 165 (1989). Here, Moore is asking for enforcement of the collective bargaining agreement, which provides the requirements of grievance processing. "Plaintiff cannot state [a] 1981 claim unless he has, or would have, rights under existing, or proposed, contract that he wishes 'to make and enforce'; 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's. 42 U.S.C.A. 1981." 164 A.L.R. Fed. 483 (Originally published in 2000) (citing *Domino's Pizza, Inc. v. McDonald*, 2006 WL 397917 (U.S. 2006).

The Supreme Court has found that racially discriminatory treatment by unions can violate Section 1981. *See e.g. Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987), superseded on other grounds by statute, 28 U.S.C. § 1658(a), as recognized in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004). In *Goodman,* "[u]nions were found to have discriminated on racial grounds in violation of both Title VII and § 1981 in certain ways: failing to challenge discriminatory discharges of probationary employees; failure and refusal to assert racial discrimination as a ground for grievances; and toleration and tacit encouragement of racial harassment." 482 U.S. at 664-65.

A union's acquiescence to an employer's racially discriminatory practice is not sufficient to establish a Section 1981 claim. Additionally, a union's mere failure to process grievances is not adequate to state a Section 1981 claim. "[A] union may be liable under section 1981" however, "where the union refuses to assert racial discrimination as a ground for grievances," when that failure to process a members grievances is for a racially discriminatory purpose. *Alsup v. Bricklayers & Allied Craftsmen*, *Local 3*, 902 F.2d 1568, 1990 (6th Cir. Ohio 1990) (citing *Goodman*, 482 U.S. at 656); *Robinson v. Laborers' Int'l Union, Local No. 496*, Case No. C88-

11

1217, 1989 WL 162783 at  p. 2 ("Hence, a union violates § 1981 if it discriminates in the enforcement of a collective bargaining agreement by refusing "to process grievances, press claims, and represent members[s] in disputes over the terms of binding obligations that run from the employer to the employee . . . ." *Id.* (citing *Goodman*, 482 U.S. 656 (1987)); *Alexander v. Local 496, Laborers Int'l Union of N. Am.*, 778 F. Supp. 1401, 1417 (N.D. Ohio 1991) ("Both Title VII and 42 U.S.C. § 1981 provide relief when a union's conduct is based, at least partially, on one of the specifically forbidden factors, such as race"); *Woods v. Graphic Communications*, 925 F.2d 1195, 1202-03 (9th Cir. 1991) ("But a union, entrusted with the enforcement of a labor contract, may violate the statute if by racial discrimination it interferes with its members' ability to enforce their contract").

In *Alexander* plaintiffs established that a union, Local 496, engaged in a pattern or practice of discrimination, which constitutes an unlawful employment practice in violation of Section 1981, by establishing that the unions practiced disparate treatment of Black members. 778 F.Supp at 1420.  Here, Moore has pleaded AFSCME's failure to process an employee's grievances of racial discrimination by an employer, and that AFSCME failed to process those grievances for a racially discriminatory purposes.  Given *Alexander*, if these factual allegation are taken as true, it is plausible that AFSCME has violated § 1981's prohibition of racial discrimination in the enforcement of contract.  Therefore, Moore has successfully stated a claim for which relief may be granted.

For the following reasons the Court **DENIES** AFSCME's motion to dismiss Moore's 1981 claim, because Moore's allegations of discrimination in the making and enforcing of contract successfully state a violation of § 1981 claim.

### D. Ohio Revised Code §§ 4112.02

AFSCME requests that the Court decline to exercise supplemental jurisdiction over Moore's state law claim. AFSCME bases it request on the premise that the Court grants AFSCME's request to dismiss the federal claims filed against it. As explained *supra*, Moore's claims brought pursuant to 42 U.S.C. § 1981, survive AFSCME's motion. Consequently, the Court **DENIES** AFSCME's motion to dismiss as it relates to Moore's state law claim.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** AFSCME's Motion to Dismiss Moore's DFR claim and § 1983 claim; and the Court **DENIES** AFSCME's Motion to Dismiss Moore's Section 1981 claim and state law claim.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: August 30, 2011**